UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN FITZGERALD MESCALL,

          Plaintiff,

      -against-

HON. PAM BONDI; UNITED STATES OF
AMERICA; UNITED STATES DEPARTMENT
OF JUSTICE; UNITED STATES
DEPARTMENT OF PROBATION;
JOHN/JANE DOE – CUSTODIAL OFFICER,

          Defendants.

25-CV-10597 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

Plaintiff, who currently is incarcerated at Green Haven Correctional Facility, brings this action, *pro se*, under the court's federal question jurisdiction, challenging aspects of his previous criminal cases in the United States District Court for the Western District of North Carolina. By order dated March 13, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

---

[1] Plaintiff filed the complaint in this action without a prisoner authorization. By order dated January 7, 2026, Chief Judge Laura Taylor Swain directed Plaintiff to cure this deficiency. (ECF 7.) The court received Plaintiff's prisoner authorization on March 5, 2026. Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff brings this action under the court's federal question jurisdiction, and seeks relief under the Administrative Procedure Act ("APA"), Rule 60(b) of the Federal Rules of Civil Procedure, and the All Writs Act, 28 U.S.C. § 1651. Named as Defendants are former United States Attorney General Pam Bondi, the United States of America, the United States Department of Justice, the United States Department of Probation, and "John/Jane Doe – Custodial Officer." (ECF 1, at 1.)

The following allegations are drawn from the complaint.[2] On September 9, 2009, the Commodity Futures Trading Commission ("CFTC") brought a civil action in the United States District Court for the Western District of North Carolina against Plaintiff and his companies for operating a Ponzi scheme. On September 16, 2009, the Western District of North Carolina issued a preliminary injunction enjoining Plaintiff from "spending investors money on himself and lying." (*Id.* at 2.) Plaintiff violated the injunction and was found in civil contempt. He was also referred for criminal prosecution for criminal contempt, to which he pleaded guilty and was sentenced to 27 months' imprisonment, followed by three years of supervised release.

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Two years after Plaintiff "nearly completed" that sentence, he was indicted again in the Western District of North Carolina, and charged with securities fraud, wire fraud, and money laundering. (*Id.*) Plaintiff maintains that

> the exact preliminary injunction violation formed the basis for the second "securities" indictment and was woven through three counts with each count adding other conduct but all in the nature of fraud and money laun[d]ering naming the exact injunction in its violated condition that Mescall pleaded guilty to in Criminal Contempt and sentenced to 27 months Federal prison.

(*Id.* at 3.) In essence, Plaintiff asserts that the second indictment violated his right against Double Jeopardy. (*Id.*)

Plaintiff filed "numerous" pre-trial motions, objections, and letters to the court raising the double jeopardy issue, but all "motions were denied 'on their face.'" (*Id.*) Plaintiff was convicted, and "filed appeals [and] Habeas motions," but has not been granted the relief he seeks. (*Id.* at 4.) Plaintiff alleges that the Western District of North Carolina and the United States Court of Appeals for the Fourth Circuit have "disregard[ed]" what he believes are "clearly established federal Supreme Court holdings" that support his argument, leaving him with "no other choice for relief" than filing this action in this court. (*Id.*)

Plaintiff argues that relief under the All Writs Act, 28 U.S.C. § 1651, is appropriate because he has "exhausted all available Habeas and appellate relief mechanisms and has no other remedy available." (*Id.*) He further argues that the government's actions in prosecuting him are arbitrary and capricious in violation of the APA. (*See id.* at 9-10.)

Plaintiff seeks an injunction enjoining his sentence and directing that the indictment under which he was convicted in the Western District of North Carolina be "dismissed in the interest of justice." (*Id.* at 11.) Plaintiff also seeks an order under Rule 60 of the Federal Rules of Civil Procedure "dec[la]ring the second prosecution [in the Western District of North Carolina] to be nugatory" (*id.* at 5) and "vacat[ing]" that judgment (*id.* at 7).

The following information, drawn from public court documents, sheds additional light on Plaintiff's allegations and conviction history. On September 9, 2009, the Commodities Futures Trading Commission brought a civil action against Plaintiff, in the Western District of North Carolina, charging him with operating a Ponzi scheme. *U.S. Commodity Futures Trading Commission v. Capitalstreet Financial, LLC*, No. 3:09-CV-0387 (RJC) (DCK) (W.D.N.C. Aug. 17, 2012). On September 16, 2009, the court issued a preliminary injunction forbidding the movement of assets, appointing a receiver, and requiring Plaintiff to fully cooperate with the receiver. *Id.* Dkt. 14. Plaintiff violated the preliminary injunction, the court found him in contempt, and referred the matter to the U.S. Attorney for the Western District of North Carolina for possible criminal contempt proceedings. *Id.* Dkt. 51. Plaintiff was charged with and convicted of criminal contempt. *United States v. Mescall*, No. 3:10-CR-0121 (RJC) (W.D.N.C. May 18, 2011). The court sentenced Plaintiff to 27 months' imprisonment.

Several years later, in a judgment dated November 24, 2014, Plaintiff was convicted, after a jury trial in the Western District of North Carolina, of securities fraud, wire fraud, and money laundering. *United States v. Mescall*, No. 3:12-CR-0215 (KDB), Dkt. 55 (W.D.N.C. Oct. 30, 2014). The court sentenced him to 168 months' imprisonment, followed by three years' supervised release. *Id.* The Court of Appeals for the Fourth Circuit affirmed Plaintiff's conviction, rejecting the same double jeopardy arguments that he asserts here. *United States v. Mescall*, No. 14-4881 (4th Cir. Dec. 4, 2015). On June 13, 2016, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari. *Mescall v. United States*, 579 U.S. 908 (2016).

Plaintiff filed a motion under Section 2255 challenging his conviction, in part, on the same double jeopardy grounds that he raises here. On January 18, 2018, the trial court denied

4

Plaintiff's Section 2255 motion on the merits. *Mescall*, No. 3:12-CR-0215, Dkt. 77. By order dated August 20, 2018, the Court of Appeals for the Fourth Circuit denied Plaintiff's certificate of appealability and dismissed the appeal. *United States v. Mescall*, No. 18-6242 (4th Cir. Aug. 20, 2018). By order dated April 16, 2025, the Western District of North Carolina transferred jurisdiction over Plaintiff's supervised release to this court. *Mescall*, No. 3:12-CR-0215, Dkt. 113.

In two cases before Judge Cathy Seibel of this court, in judgments dated November 19, 2025, Plaintiff pleaded guilty to two counts of violating his supervised release by committing two state crimes, and Judge Seibel sentenced him to 12 months' imprisonment, to run consecutive to the sentence imposed in his state court case, followed by three years' supervised release. *See United States v. Mescall*, Nos. 25-CR-0137, 8 (CS), 25-CR-0128, 5 (CS) (S.D.N.Y. Mar. 26, 2025). On November 24, 2025, Plaintiff filed notices of appeal to the Court of Appeals for the Second Circuit. *United States v. Mescall*, Nos. 25-3006, 25-3010 (2d Cir.) Those appeals are pending.

## DISCUSSION

### A.    Plaintiff cannot challenge his conviction or sentence in a civil action

Plaintiff invokes the APA and 28 U.S.C. § 1651, and seeks an order enjoining a sentence and vacating a conviction entered by the Western District of North Carolina. A civil action under any of these statutes is not the proper vehicle to challenge a criminal conviction. Challenges to the constitutionality of a federal conviction can be raised on direct appeal from the conviction or in a motion under 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence[.]"); *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (explaining that a petition for a writ of *habeas corpus*, not a civil rights action, is the remedy for prisoner seeking to challenge

the fact or duration of his confinement (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). Moreover, a Section 2255 motion must be brought in "the court which imposed the sentence." 28 U.S.C. § 2255(a).

As discussed above, Plaintiff has already filed a direct appeal and a Section 2255 challenging his November 24, 2014 conviction in the Western District of North Carolina. In fact, both the Fourth Circuit in Plaintiff's direct appeal and the trial court in his Section 2255 motion rejected the same double jeopardy argument Plaintiff is asserting here. Because Plaintiff has already filed a direct appeal and a Section 2255 challenging this conviction, and because any such subsequent Section 2255 motion is not properly filed in this District, the Court declines to recharacterize this civil action as a second or successive motion under Section 2255. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998) (explaining that a Section 2255 motion is second or successive when the prior motion was adjudicated on the merits); *see also* 28 U.S.C. § 2255(h) (requiring authorization from the appropriate court of appeals before a movant may file a second or successive Section 2255 motion in a district court). The Court therefore dismisses Plaintiff's claims in which he challenges his November 24, 2014 conviction in the Western District of North Carolina, without prejudice to Plaintiff's seeking such relief by filing an appropriate motion in the appropriate forum.

**B.      Plaintiff cannot challenge his conviction in a Rule 60(b) motion**

Plaintiff invokes Rule 60(b) of the Federal Rules of Civil Procedure, and asks this Court to review and vacate the judgment of conviction entered by the Western District of North Carolina. With respect to criminal convictions, relief under Rule 60(b) is available "only when the Rule 60(b) motion attacks the integrity of [an] underlying habeas proceeding and not the underlying conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004); *see United States v. Christian Bros. Contracting Corp.*, 586 F. App'x 79, 80 (2d Cir. 2014) ("Rule 60(b) is

not available to directly challenge the integrity of an underlying criminal conviction or sentence."); *Rodriguez v. Mitchell*, 252 F.3d 191, 199 (2d Cir. 2001) (holding that a motion to reopen a *habeas* proceeding under Rule 60(b) is permissible where it "relates to the integrity of the federal habeas proceeding, not to the integrity of the state criminal trial"); *Jones v. Hallett*, No. 20-CV-10350 (LLS), 2021 WL 1910754, at *1 (S.D.N.Y. May 10, 2021) (denying Rule 60(b) motion where the petitioner "[did] not attack the integrity of the *habeas* proceeding").

When a Rule 60(b) motion attacks the individual's underlying conviction, a district court generally has two options: "(i) the court may treat the Rule 60(b) motion as 'a second or successive' habeas petition, in which case it should be transferred to [the Circuit Court of Appeals] for possible certification [under 28 U.S.C. § 2244(b)(2)], or (ii) the court may simply deny the portion of the motion attacking the underlying conviction 'as beyond the scope of Rule 60(b).'" *Harris*, 367 F.3d at 82 (quoting *Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002)).

Here, Plaintiff seeks to use Rule 60(b) to challenge a judgment of conviction rendered in the Western District of North Carolina. Even if Plaintiff had filed his request in the proper court, such relief is not available under Rule 60(b). The Court denies Plaintiff's request for relief under Rule 60(b) without prejudice to Plaintiff either filing a Rule 60(b) motion in his prior Section 2255 proceedings in which he challenges the integrity of that proceeding or seeking certification from the Court of Appeals for the Fourth Circuit to file a second or successive Section 2255 motion challenging his North Carolina conviction.

## C.    Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

7

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth above.

The Court denies Plaintiff's request for preliminary injunctive relief as moot. (ECF 4.)

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:   April 13, 2026
         New York, New York

_____*Louis L. Stanton*_____
LOUIS L. STANTON
U.S.D.J.